IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**EUGENE SMITH,**

    **Plaintiff,**

v.                                                        Case No. 3:08-0853

**FEDEX GROUND PACKAGE SYSTEM, INC.,**

    **Defendant.**

_____

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
_____

COMES NOW Defendant, FedEx Ground Package System, Inc., and for answer and affirmative defenses to Plaintiff's Complaint states as follows:

1.  The Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, accordingly, denies the same.

2.  Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.  Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.  Defendant admits that Plaintiff relies on the Age Discrimination in Employment Act as the basis for this lawsuit, but denies that it has violated any provision of the law.

5.  Defendant admits that this Court has jurisdiction, but denies that the Plaintiff is entitled to any relief whatsoever.

6. The Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegation as to where Plaintiff resides and that allegation is therefore denied. The remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are admitted.

7. Defendant denies that it engaged in unlawful discrimination, but admits the remaining allegations of Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies that it placed advertisements soliciting applications, but admits that a staffing firm recruited for temporary driver positions during the peak season.

9. Defendant admits that Plaintiff met all the stated criteria for being a seasonal casual delivery truck driver except that he was not within the age parameters which appeared on the pre-employment documents completed by Plaintiff. The remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that a Pick Up and Delivery Manager of FedEx Ground advised Plaintiff he was not within the age range stated on the driver information documents and offered Plaintiff a non-driving position. The remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. The Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, accordingly, denies the same.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Plaintiff is entitled to no relief whatsoever.

18. All statements of fact or averments of law not heretofore admitted or denied are hereby denied.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses jointly and alternatively:

1. Plaintiff's claims are barred in whole by the offer and acceptance of a settlement agreement negotiated by the Equal Employment Opportunity Commission on Plaintiff's behalf.

2. Plaintiff's claims are barred in whole by the doctrine of settlement and release.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted.

4. Plaintiff's claims are barred in whole or in part by the applicable regulatory and statutory limitations periods.

5. Plaintiff's claims are barred by reason of his failure to properly exhaust administrative remedies.

6. Defendant took quick appropriate action to avoid harm to Plaintiff

7. Plaintiff failed to properly mitigate his damages.

8. Age 70 is a bona fide occupational qualification for driving commercial vehicles and a proxy for the physical qualifications for the job.

9. Defendant's actions were taken for legitimate business reasons without discriminatory animus.

10. Defendant's actions were inadvertent and not intentional discrimination.

11. Defendant reserves the right to assert additional affirmative defenses as they become revealed in discovery.

Respectfully submitted,

/s/ James R. Mulroy, II
James R. Mulroy, II/TN Bar No. 000098
JACKSON LEWIS LLP
999 Shady Grove Road, Suite 110
Memphis, TN 38137
Phone: (901) 881-2650
Fax: (901) 881-2654
mulroyj@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of October, 2008, electronically filed via CM/ECF a true and correct copy of the foregoing which will serve a copy of such filing via electronic mail to the following:

Wade B. Cowan, Esq.
Suite 225
150 Second Avenue North
Nashville, TN 37201
wcowan@dhhrplc.com

/s/ James R. Mulroy, II